# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-557V
Filed: January 15, 2016
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JOHN EMERSON, | |
| Petitioner, | Damages Decision Based on Proffer; Influenza ("Flu") Vaccine; Shoulder Injury Related to Vaccine Administration ("SIRVA"); Special Processing Unit ("SPU") |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Ronald Craig Homer*, Conway, Homer & Chin-Caplan, Boston, MA, for petitioner.
*Christine Mary Becer*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On June 1, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that as a result of an influenza ["flu"] vaccination on October 11, 2013, he suffered a shoulder injury related to vaccine administration ["SIRVA"]. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 15, 2015, a ruling on entitlement was issued, finding petitioner entitled to compensation for SIRVA. On January 15, 2016, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $83,000.00.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award.

Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $83,000.00 in the form of a check payable to petitioner, John Emerson.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| JOHN EMERSON, | ) | |
| Petitioner, | ) ) ) | |
| | ) | No. 15-557V |
| v. | ) ) | Chief Special Master Dorsey ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| Respondent. | ) ) ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.      Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $83,000.00 which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

**II.     Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $83,000.00 in the form of a check payable to petitioner. Petitioner agrees.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

                      Respectfully submitted,

                      BENJAMIN C. MIZER
                      Principal Deputy Assistant Attorney General

                      RUPA BHATTACHARYYA
                      Director
                      Torts Branch, Civil Division

                      VINCENT J. MATANOSKI
                      Deputy Director
                      Torts Branch, Civil Division

                      LINDA S. RENZI
                      Senior Trial Counsel
                      Torts Branch, Civil Division


                        s/Christine Mary Becer
                      CHRISTINE MARY BECER
                      Trial Attorney
                      Torts Branch, Civil Division
                      U.S. Department of Justice
                      P.O. Box 146
                      Benjamin Franklin Station
                      Washington, D.C. 20044-0146
                      Tel:  (202) 616-3665

Date:      January 15, 2016